IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON J. SHEPARD and NICOLE H. SHEPARD, individually, and on behalf of the marital community,<br><br>                        Plaintiffs,<br>      v.<br><br>CHELAN COUNTY, by and through its agency the CHELAN COUNTY SHERIFF'S OFFICE, a Washington Municipal Corporation,<br><br>                Defendants. | NO. 2:23-cv-00041<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Title VII of The Civil Rights Act of 1964<br>(2) Title I of The Civil Rights Act of 1991<br>(3) Washington Law Against Discrimination, RCW 49.60.210<br>(4) Negligence<br>(5) Intentional Infliction of Emotional Distress<br>(6) Tort of Outrage<br><br>**[Jury Trial Demanded]** |

COMES NOW, Plaintiffs Aaron J. Shepard and Nicole H. Shepard, by and through their

attorneys, Campiche Andrews Horne Trial Lawyers, PLLC, for cause of action against Defendants

Chelan County and the Chelan County Sheriff's Office allege as follows:

**PLAINTIFFS' COMPLAINT**     **- 1**

## 1. PARTIES

1.1    Plaintiffs Aaron J. Shepard ("Plaintiff Aaron Shepard" "Deputy Shepard") and Nicole H. Shepard ("Plaintiff Nicole Shepard") are a married couple who reside in Douglas County, Washington, and bring these claims individually and on behalf of their marital community.

1.2    Plaintiff Aaron Shepard is a former Chelan County Sheriff's Deputy.

1.3    Defendant Chelan County and its agency, the Chelan County Sheriff's Office, are Washington state municipal corporations operating and employing at least fifteen (15) employees.

## 2.    JURISDICTION AND VENUE

2.1    At all times relevant to this lawsuit, Plaintiff Aaron Shepard, and Plaintiff Nicole Shepard (Plaintiffs Shepard) resided in East Wenatchee, Douglas County, located in Eastern Washington.

2.2    Plaintiff Nicole Shepard resided in Chelan County until September 2017.

2.3    Defendant Chelan County is a political subdivision of Washington state.

2.4    Defendant Chelan County Sheriff's Office is an elected political department of Chelan County.

2.5    The events that give rise to this lawsuit all occurred in Chelan County, Washington.

2.6    Plaintiffs allege that Defendant Chelan County Sheriff's Office subjected Plaintiff Aaron Shepard to discrimination, harassment, bullying, retaliation, and a hostile work environment, based on his religion, or creed.

2.7    Plaintiffs brings this action for federal claims alleging that Defendant Chelan County violated the Establishment Clause of the Constitution, Title VII of the Civil Rights Act of 1964, and

**PLAINTIFFS' COMPLAINT**        **- 2**

Title I of the Civil Rights Act of 1991, which are all U.S. laws providing original federal question jurisdiction via 28 U.S.C § 1331.

2.8     Plaintiffs allege claims under the Washington Law Against Discrimination (WLAD) against the same defendants for violating RCW 49.60.180 and .210.

2.9     Plaintiffs allege claims for common-law torts against the same defendants for negligence and Intentional Infliction of Emotional Distress and Outrage to correct unlawful employment practice or discrimination on the basis of religion or creed and to provide appropriate relief to Plaintiffs.

2.10    Jurisdiction and venue lie in the United States District Court for Eastern Washington.

### 3.     ADMINISTRATIVE PROCEDURES

3.1     Plaintiffs timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

3.2     On or around November 16, 2022, EEOC issued Plaintiff Aaron Shepard a Notice of Right to Sue.

3.3     Plaintiffs have timely filed this lawsuit within ninety (90) days of receipt of his EEOC Right to Sue Letter and have complied with all administrative prerequisites to bringing this lawsuit.

### 4.     FACTS

4.1     In 2013, Plaintiff Aaron Shepard was hired as a Chelan County Deputy Sheriff.

4.2     In 2015, the defendants and many of Deputy Shepard's co-workers including Michael Morrison, Scott Lawrence, Dominic Mutch, Tactical Leader Chris Foreman, Sheriff Brian Burnett, and Wenatchee PD & SWAT Leader Justin Kissel, began telling Deputy Shepard (while in uniform and on duty) to come to Grace City Church, an "alt-right" militant church that is an off-shoot of the

PLAINTIFFS' COMPLAINT          - 3

CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

(defunct and notorious) Mars Hill Church in Seattle (both well-known for imposing their will over members who do not follow their "men-are-superior" beliefs).

4.3     This overt, willful association by Grace City Church members in Chelan County Sheriff's Office uniform gives the appearance of endorsement of the Grace City Church by the Chelan County Sheriff's department.

4.4     Feeling pressured to go along for professional advancement, Deputy Shepard and his family started attending Grace City Church in 2015.

4.5     In 2015, the defendants started promoting the 12-week marriage counseling program that Grace City Church geared towards law enforcement officers through the (then serving) Sheriff Brian Burnett and Tactical Leader Chris Foreman. Sheriff Burnett saw this program as a chance for law enforcement officers and their spouses to attend Grace City Church to discuss the unique marital issues law enforcement officers face.

4.6     Grace City Church produced a 2:40 minute video of Sheriff Burnett and other Grace City Church law enforcement offices, in sheriff's office uniform, talking about a marriage counseling retreat.

4.7     Deputy Shepard's wife at the time, Brenda Shepard, was heavily involved in Grace City Church.

4.8     Deputy Shepard and Brenda Shepard started the 12-week marriage counseling program at Grace City Church.

4.9     Out of his own religious conviction, Deputy Shepard decided not to share his deepest personal matters involving his wife, who was heavily involved in Grace City Church, with his peers, co-workers, and supervisors.

PLAINTIFFS' COMPLAINT            - 4

CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.10     The defendants continued to instruct, and overtly pressure, Deputy Shepard to attend the marriage counseling at Grace City Church until the level of proselytizing in Grace City Church and Chelan County Sheriff's Office became overbearing and uncomfortable to Deputy Shepard's own personal and religious convictions.

4.11     In 2016, Deputy Shepard divorced Brenda Shepard and left Grace City Church.

4.12     Since 2016, Defendant Chelan County Sheriff's Office has engaged in employment discrimination by progressively harassing, bulling, and retaliating against Deputy Shepard for divorcing his wife and leaving the Grace City Church.

4.13     Defendants specifically targeted law enforcement officers who they perceive fail believe what the members of Grace City Church believe, or do not follow the dictates of Grace City Church.

4.14     Defendant Chelan County Sheriff's Office targeted law enforcement officers who are not Grace City Church members by disciplining, terminating, and denying advancement to them for alleged internal Chelan County Sheriff Office's policy violations by arbitrarily enforcing certain policies against those employees and officers for the same conduct they allow, promote, or engage in themselves.

4.15     In 2017, Deputy Jennifer Tyler was in her second (successful) lawsuit against the same defendants for harassing, bulling, retaliation in employment, and discrimination she suffered.

4.16     When the judgement against the sheriff and Chelan County Sheriff's Office came out, Sheriff Burnett publicly disagreed with the judgment and got the sheriff's deputies and employees participating in Grace City Church to ostracize the female of Deputy Tyler.

4.17     Deputy Shepard was then assigned Deputy Tyler as a partner.

**DISCRIMINATORY CONDUCT**

PLAINTIFFS' COMPLAINT                - 5

CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.18    In 2018, the SWAT team leadership changed to Sergeant Foreman and Sergeant Lewis when Sergeant Lewis joined Grace City Church.

4.19    Since then, Deputy Shepard has endured harassment, retaliation, discrimination, and bullying at work from both Chelan County Sheriff Office's SWAT team leaders and Sheriff Office employees who are members of Grace City Church.

4.20    Deputy Shepard was a member of the Regional SWAT team for three years with no disciplinary actions.

4.21    Deputy Shepard was also the K9 handler on SWAT for a year prior to becoming a full time SWAT team member.

4.22    Deputy Shepard assisted the SWAT team prior to being selected as the K9 handler, serving several missions with them as a regular K9 handler. These tasks included: marijuana grows, building searches, and performing other high-risk operations.

4.23    After Deputy Shepard separated from the Grace City Church, Defendant Chelan County Sheriff's Office denied him promotional opportunities.

4.24    Deputy Shepard was also denied training positions for which he was qualified, and was reprimanded for conduct otherwise allowed by, and promoted by, the Sheriff and CCSO.

4.25    In 2019, a Traffic Safety Unit position became available.

4.26    Deputy Shepard was advised by Sergeant Mike Harris to apply for the Traffic Safety Unit position.

4.27    Sergeant Harris led the Traffic Safety Unit and also later sued Chelan County Sheriff's Office for harassment and retaliation.

4.28    Deputy Shepard was the only applicant who applied for the Traffic Safety Unit position.

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.29    Upon finding out that Deputy Shepard was the only applicant for the Traffic Safety Unit, Chief Johnson postponed the selection and altered the position so others would be more enticed to apply.

4.30    It was clear that Defendant Chelan County Sheriff's Office administration did not want Deputy Shepard to be selected for the position, so Deputy Shepard told Chief Johnson his concerns about the changes to the position and that he did not want to apply to the new position with the changes made because they materially altered his availability to operate within his parenting plan schedule that allowed him to see his children on a regular basis.

4.31    Chief Johnson told Deputy Shepard that he was going to keep his name in there anyway.

4.32    While Deputy Shepard was at his wedding to Nicole Hankins in Mexico, Chief Johnson called Deputy Shepard; Deputy Shepard told the chief that he did not want to apply to the position with the new changes.

4.33    After returning from his nuptials, in December 2019, Deputy Shepard attended a SWAT range day, where the defendants were collectively calling Deputy Shepard by his new wife's maiden name, "Mr. Nicole Hankins."

4.34    Prior to the firearms portion training, Deputy Sheriff was told, "he was going to fail the qualification anyways." As such, Deputy Shepard felt such serious harassment that it interrupted his concentration during firearms training, so he left.

4.35    Deputy Shepard reported the harassment and bullying to his superior officers, who are Grace City Church attendees.

4.36    Those superior officers of Deputy Shepard took no action on Deputy Shepard's complaints.

**PLAINTIFFS' COMPLAINT**          - 7

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.37    Deputy Shepard was later suspended from the SWAT team while continuing to be subjected to discriminatory harassment from an Internal Affairs (IA) investigation as requested by SWAT Team Leaders Lewis and Foreman.

4.38    Deputy Shepard attempted to leave the on more than one occasion.

4.39     By 2020, Deputy Shepard was unable to get a position at the East Wenatchee Police Department or the Wenatchee Police Department.

4.40    In March or April of 2020, Deputy Shepard spoke with Chelan County Sheriff Office's Chief of Patrol Rick Johnson about the bullying and harassment that occurred while he was suspended during an (IA) investigation.

4.41    Defendant Chelan County Sheriff's Office took no action in response to Deputy Shepard's complaint of bullying and harassment because he had separated from Grace City Church.

4.42    At that time, Deputy Shepard also informed Sergeant Foreman during an in-person meeting that he was taking antidepressants because of the hostile work environment.

4.43    Despite this, Deputy Shepard continued to suffer bullying, retaliation, and harassment.

4.44    In May 2020, Deputy Shepard publicly expressed frustration that Chelan County Sheriffs Office lacked de-escalation training because the existing training might result in excessive force that would end in the death of a detainee.

4.45    In June 2020, Grace City Church boasts about its security force, that half of their twenty-five armed "sheep dogs" are active-duty local law enforcement officers.

4.46    In the middle of the COVID-19 pandemic, on June 24, 2020, Sheriff Burnett announced that his agency would not enforce the mask mandate.

4.47    On November 28, 2020, Deputy Shepard was dispatched to a COVID-19 death.

PLAINTIFFS' COMPLAINT          - 8

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.48    Deputy Shepard was told that Defendant Chelan County Sherriff's Office did not have an official COVID policy regarding the handling of death calls while on shift.

4.49    Deputy Shepard was given no directive about handling of the call, except by Sergeant Brent Frank, to take photographs.

4.50    On a drone video taken by WPD, in March 2021, the defendants are seen hosting a Regional Law Enforcement Training for law enforcement officers across the state where the Grace City Church leaders are seen handing out gift baskets that included gift cards.

4.51    Sergeant Brent Frank began the training by going over a brief agenda for the weekend, then Grace City Church Pastor Josh McPherson gave a sermon that included anti-government statements and a prayer for the 50 plus attendees.  Chelan County Sheriff Department Sergeant Chris Foreman is seen loudly participating and crying.

4.52    On August 23, 2021, Deputy Shepard had been utilized as a volunteer by Defensive Tactics Instruction (DT) for over six years.

4.53    Chelan County has not posted a DT position since Deputy Shepard was hired at Chelan County Sheriff's Office.

4.54    More recently, a training position opened for DT Use of Force Position.

4.55    All individuals in charge of DT training insisted that Deputy Shepard apply for the position because he was already teaching for the department, and due to many years of training in non-lethal force martial arts, it was impressed upon him that he must apply.

4.56    Deputy Shepard, applied for the position.

4.57    When Deputy Shepard arrived for his interview, the process had  concluded. The defendants turned Deputy Shepard away in full uniform.

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

4.58    Deputy Shepard was passed over for a position he applied for as a qualified "Defensive Training" use of force instructor.

4.59    Sergeant Lewis's thinly veiled harassment in the form of "corrective action" has manifested itself in both oral and written reprimands taken to the administration of the sheriff's department and placed in Deputy Shepard's file.

4.60    For the last year, each attempt to harass Deputy Shepard was for incidents that solely applied to Deputy Shepard; they were never previously applied to other deputies by the department.

4.61    Deputy Shepard resigned from SWAT out of fear that Sergeants Foreman and Lewis would use any opportunity of the constant bullying and harassment to force him off the team.

4.62    Several other non-Grace City Church officers on the team also resigned due to the progressively hostile environment against them.

4.63    Because discriminatory behavior continued toward the plaintiff in his role as training officer,  on August 29. 2021, Deputy Shepard submitted his formal complaint for resolution to the Human Resources Department.

4.64    Deputy Shepard tried to bring discrimination issues related to his separation from Grace City Church to his immediate sheriff's department supervisors in the past as well as the guild leadership and the Chief of Patrol. Deputy Shepard has exhausted all remedies by taking these issues to his immediate supervisors and using his chain of command.

4.65    Deputy Shepard reported the defendants' religious employment discrimination in violation of multiple statutes to the United States Equal Employment Opportunity Commission (EEOC), who investigated the defendants' hiring procedures and statute violations.

**PLAINTIFFS' COMPLAINT**          **- 10**

4.66    According to EEOC, they would not proceed further with their investigation and would make no determination about whether further investigation would establish violations of the statute.

4.67    As a direct and proximate cause of the defendants' religious employment discrimination, harassment, bullying, and retaliation, Plaintiffs Shepard suffered harms, losses, and damages.

4.68    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

**5.    FIRST CAUSE OF ACTION: §1983 CLAIM FOR VIOLATING OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT**

5.1    Plaintiffs Shepard and Shepard reallege all previous paragraphs and allegations as fully set forth herein.

5.2    The First Amendment prohibits the government from promoting any religious point of view on any matter or taking sides between religion and non-religion.

5.3    In _Lemon v. Kurtzman_, the Supreme Court set out a three-part test to determine whether the Establishment Clause was violated. Under the _Lemon_ test, the Establishment Clause is violated if the government's actions have any of the following characteristics: 1) a non-secular purpose, 2) its primary effect is to advance or inhibit religion, or 3) fosters an excessive government entanglement with religion.

PLAINTIFFS' COMPLAINT                - 11        **CAMPICHE ANDREWS HORNE**

5.4     For the first prong, the Supreme Court has held that the government lacks a secular purpose under this test only when "there is no question the statute or activity was motivated wholly by religious considerations."

5.5     Defendant Chelan County Sheriff's Office and Sheriff Burnett's actions in promoting Grace City Church and their counseling program were motivated wholly by religious considerations because and their faith-based approach to management of the Chelan County Sheriff's Office.

5.6     The second prong of the *Lemon* test is an objective test where a "reasonable person" apprised of the circumstances would reasonably conclude the challenged government action would amount to an endorsement of religion.

5.7     Any reasonable person would conclude that: 1) a majority of Chelan County Sheriff's Office making videos for the church in uniform appears to be an endorsement of Grace City Church; 2) The activities of management and discrimination policies and procedures favored employees of the Chelan County Sheriff's Office who were involved with Grace City Church; and 3) The activities of management and the discrimination policies and procedures disfavored Chelan County Sheriff's Office employees who were not involved with Grace City Church

5.8     The third prong of the *Lemon* test is satisfied, in that the Defendant began discriminating against officers who didn't believe in the religious doctrine and habits of Grace City Church and began promoting Grace City Church, thus causing an excessive government entanglement with religion.

5.9     The sole reason Defendants did not hire Plaintiff Deputy Shepard for the DT position was because he was no longer a member of Grace City Church.

5.10     Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and

**PLAINTIFFS' COMPLAINT**          **- 12**          CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

**6. SECOND CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION (HOSTILE WORK ENVIRONMENT) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, *AS AMENDED*, 42 U.S.C. § 2000E-2(A).**

6.1     Plaintiffs Shepard reallege all previous paragraphs and allegations as fully set forth herein.

6.2     Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) prohibits employment practices that discriminate against persons, such as failing to or refusing to hire or discharge an individual or segregating or classifying employees in a way that would tend to deprive or would deprive them of individual employment opportunities, based on their religion.

6.3     To establish a *prima facie* claim for a hostile work environment, a plaintiff must show they were (1) subjected to unwelcome conduct (2) "that was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment" and (3) their employer itself is "liable for the harassment that caused the hostile environment to exist."

6.4     Deputy Shepard was subjected to unwelcomed conduct by the constant harassment of his superiors and fellow officers, sufficient to force him to resign.

6.5     Defendant Chelan County Sheriff's Office itself is liable for Sheriff Burnett's unlawful actions that were done with intentional, willful, malicious intent or with reckless disregard to Plaintiff Aaron Shepard's right to be free from employment discrimination based on religion because Sheriff Burnett is a "supervisor," they were put on notice of it several times, and they persisted out of a showing of faith.

6.6     Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

**7.   THIRD CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION (HARASSMENT) IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, *AS AMENDED*, 42 U.S.C. § 2000E-2(A).**

7.1     Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

7.2     Defendants engaged in unlawful employment practices in violation of section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Deputy Shepard to workplace harassment, as set forth in the facts contained herein, above. Harassment violates federal law when it is based on religion, sex, race, or protected activity under the anti-discrimination statutes.

7.3     The Supreme Court ruled that employers are always subject to vicarious liability for a supervisor's harassment if it results in a tangible employment action, like hiring, firing, promoting, demoting, and reassigning the employee.

7.4     Defendant Chelan County Sheriff's Office's actions were intentional, willful, malicious, or done with reckless disregard to prevent Deputy Shepard from being a law enforcement officer by refusing to give him higher ranked positions, blacklisting him to not be hired anywhere else, and preventing him from getting other positions within Chelan County.

7.5     Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

**PLAINTIFFS' COMPLAINT**          **- 14**          **CAMPICHE ANDREWS HORNE**
**TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

## 8. FOURTH CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION BASED ON RELIGION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, *AS AMENDED*, 42 U.S.C. § 2000E-2(A)

8.1     Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

8.2     Title VII of the Civil Rights Act of 1964, *as amended*, makes it unlawful for an employer, "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such person's race, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

8.3     Defendant Chelan County Sheriff's Office discriminated against Deputy Shepard by treating him differently from his co-workers who attended Grace City Church.

8.4     Deputy Shepard's religious beliefs were the motivating factor in Defendant Chelan County Sheriff's Office's discriminatory actions.

8.5     As a direct, legal, and proximate result of the discrimination, Plaintiff Aaron Shepard has sustained and will continue to sustain, economic damages to be proven at trial.

8.6     As a result of the defendants' actions, Plaintiffs Shepard have suffered emotional distress, resulting in damages in an amount to be proven at trial.

8.7     Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

8.8     Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and

PLAINTIFFS' COMPLAINT          **- 15**

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

**9. FIFTH CAUSE OF ACTION: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, *AS AMENDED*, 42 U.S.C. § 2000E-2(A).**

9.1    Plaintiff incorporates by reference all allegations in previous paragraphs as though fully set forth.

9.2    Section 704(a) of Title VII of the Civil Rights Act of 1964, *as amended*, prohibits employers from discriminating against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter."

9.3    To prevail on a retaliation claim, a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two. The standard used for the causal link in Title VII retaliation claims is that the desire to retaliate was the but-for cause of the challenged employment action.

9.4    Deputy Shepard's choosing not to attend Grace City Church and his personal religious beliefs were the motivating factor in the CCSO's actions in denying Deputy Shepard other positions in the CCSO he was most qualified for, placing him on unwarranted Internal Affair Investigations, and attempting to Brady List and "blacklist" him from other departments.

9.5    CCSO's adverse actions constitute retaliatory workplace harassment sufficient to deter a reasonable person from engaging in protected activity under Title VII.

9.6    As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries resulting in damages to be proven at trial.

9.7    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 10. SIXTH CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION (HOSTILE WORK ENVIRONMENT) BASED ON RELIGION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD), RCW 49.60.180.

10.1 Plaintiff incorporates by reference all allegations in previous paragraphs as though fully set forth.

10.2 The Washington Law Against Discrimination makes it unlawful for an employer to discriminate against any person in compensation or in other terms or conditions of employment because of religion or creed.

10.3 To prevail on a claim of a hostile work environment, Plaintiff must establish that the alleged harassment (1) was unwelcome, (2) was because of a protected characteristic, (3) affected the terms or conditions of employment, and (4) is imputable to the employer.

10.4 The CCSO engaged in unlawful employment practices in violation of the WLAD by subjecting Deputy Shepard to a hostile work environment as set forth in the facts above.

10.5 Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 11. SEVENTH CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION (HARASSMENT) BASED ON RELIGION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD), RCW 49.60.180.

11.1 Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

PLAINTIFFS' COMPLAINT     - 17

**CAMPICHE ANDREWS HORNE**
**TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

11.2    The Washington Law Against Discrimination makes it unlawful for an employer to discriminate against any person in compensation or in other terms or conditions of employment because of religion or creed.

11.3    Defendant Chelan County Sheriff's Office engaged in unlawful employment practices in violation of the WLAD by subjecting Deputy Shepard to a hostile work environment as set forth in the facts above.

11.4    Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff Aaron Shepard's right to be free from discrimination based on religion or creed.

11.5    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 12. EIGHTH CAUSE OF ACTION: EMPLOYMENT DISCRIMINATION BASED ON RELIGION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD), RCW 49.60.180.

12.1    Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

12.2    Washington's Law Against Discrimination, makes it unlawful for an employer, "(1) to refuse to hire any person because of […] religion or creed […]; (2) to discharge or bar any person from employment because of […] religion or creed […]; or (3) to discriminate against any person in compensation or in other terms or conditions of employment because of […] religion or creed […]."

**PLAINTIFFS' COMPLAINT**        **- 18**

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

12.3    Defendant CCSO discriminated against Deputy Shepard by treating him differently from his co-workers who attended Grace City Church.

12.4    Deputy Shepard's religion was the motivating factor for the Defendant's actions.

12.5    As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

12.6    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 13. NINTH CAUSE OF ACTION: RETALIATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION, (WLAD), RCW 49.60.210.

13.1    Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

13.2    Washington state statute RCW 49.60.210 prohibits retaliation against a person opposing a discriminatory practice forbidden by RCW 49.60

13.3    To prevail on a retaliation claim, a plaintiff must prove: "(1) he engaged in statutorily protected opposition activity, (2) an adverse employment action was taken, and (3) a causal link between the former and latter.

**PLAINTIFFS' COMPLAINT**                    **- 19**

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

13.4    Deputy Shepard chose not to attend a church program created for law enforcement promoted by the Sheriff Brian Burnett and other higher-up law enforcement officers. Deputy Shepard was forced to resign from CCSO and was "blacklisted" from other agencies.

13.5    Deputy Shepard's religious views were the determining factor behind the CCSO's discriminatory actions.

13.6    Defendants' adverse employment action constituted retaliatory workplace harassment.

13.7    Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under the WLAD.

13.8    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 14. TENTH CAUSE OF ACTION: TORT OF NEGLIGENCE INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF THE WASHINGTON COMMON LAW.

14.1    Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

14.2    Plaintiffs Shepard also allege common law torts against the same defendants for negligent infliction of emotional distress (NIED). To maintain an action for NIED, a plaintiff in Washington state must establish "emotional distress…proved through a diagnosis."

14.3    Here, Deputy Shepard had to start taking an anti-depressant and was unable to sleep the night before training because he was so anxious about being bullied, harassed, and discriminated against.

PLAINTIFFS' COMPLAINT                    - 20

CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

14.4    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses and damages as will be proven at trial.

## 15.    ELEVENTH CAUSE OF ACTION: TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF THE WASHINGTON COMMON LAW.

15.1    Plaintiffs Shepard incorporates by reference all allegations in previous paragraphs as though fully set forth.

15.2    Plaintiffs allege all the facts pled herein support a claim for Intentional  infliction of emotional distress (IIED).

15.3    To prevail on a claim for IIED, plaintiff must establish three elements: 1) the conduct was extreme and outrageous; 2) that it was intentional or reckless; and 3) that it was severe on the Plaintiff.

15.4    Defendants' discriminatory conduct was extreme and outrageous in that an entire Sheriff's department was seen as endorsing a religious view, it was motivated by faith and was intentional and so severe it forced Deputy Shepard to resign in 2022.

15.5    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, and pain and suffering and other harms, losses which are compensatory, punitive, and exemplary damages.

## 16.    TWELFTH CAUSE OF ACTION: TORT OF WRONGFUL DISCHARGE IN VIOLATION OF WASHINGTON STATE LAW.

PLAINTIFFS' COMPLAINT

- 21

CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

16.1    Plaintiffs Shepard incorporate by reference all allegations in previous paragraphs as though fully set forth.

16.2    To prevail on this tort of wrongful discharge, **a plaintiff must first be** constructively discharged by (1) the employer deliberately made working conditions intolerable, (2) a reasonable person in the employee's position would be forced to resign, (3) the employee resigned because of the intolerable condition and not for any other reason, and (4) the employee suffered damages as a result of being forced to resign.

16.3    Deputy Sheriff can show that the discrimination began after he left Grace City Church in 2016 until his resignation in 2022 because of the pervasive bullying and harassment after 6 years that was so intolerable any reasonable person would have resigned.

16.4    As a direct, legal, and proximate result of the discrimination, Plaintiff Aaron Shepard has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the defendants' actions, the plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiffs further seek compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

16.5    The non-exhaustive list of factual allegations supporting the instant lawsuit, set forth above, were taken by many, if not all, of the same employees, with the knowledge of Defendant Chelan County Sheriff's Office.

16.6    Defendant Chelan County Sheriff's Office has tacitly allowed the resumed and continued harassment, discrimination, and retaliation against Deputy Shepard and has negligently failed to supervise, investigate, nor take any corrective action against any of these employees for their actions toward, and in creating a hostile work environment.

**PLAINTIFFS' COMPLAINT**          **- 22**

**CAMPICHE ANDREWS HORNE**
**TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

16.7    Defendant Chelan County Sheriff's Office has failed to prevent discrimination, harassment, and retaliation in Deputy Shepard's workplace.

16.8    Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney fees and litigation costs, emotional harm, pain and suffering and other harms, and losses which are compensatory.

## 17. THIRTEENTH CAUSE OF ACTION WASHINGTON STATE TORT OF OUTRAGE

17.1    Plaintiffs Shepard re-allege all proceeding paragraphs.

17.2    Many deputies and managers of Defendant Chelan County Sheriff's Office were members of the Grace City Church including the elected sheriff.

17.3    Plaintiff Aaron Shepard, employed by Defendant Chelan County Sheriff's Office was harassed, ridiculed, denied advancement, and constructively terminated because he chose not to participate in the Grace City Church, a church that many members of the Chelan County Sheriff's Office including the Sheriff belonged.

17.4    Discriminating against a police officer because of his religious belief, his refusal to participate in a church which other deputies and managers belong to is so extreme that a reasonable person could not be expected to endure and outside the norm of public law enforcement employment in the State of Washington and the United States of America.

17.5    As a direct and proximate result of Defendant's outrageous conduct in discriminating against plaintiff because he separated from the Grace City Church, plaintiff suffered emotional and psychological harm that affected his physical health and wellbeing.

1.1 Plaintiffs Shepard's harms, losses and damages include loss of employment opportunity, loss of income, loss of employee benefits, loss of retirement income, reasonable and necessary attorney

**PLAINTIFFS' COMPLAINT**                    **- 23**

**CAMPICHE ANDREWS HORNE TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

fees and litigation costs, emotional harm, and pain and suffering and other harms, losses which

are compensatory, punitive, and exemplary damages.

## 2.  RELIEF REQUESTED

WHEREFORE, Plaintiff Shepard prays for relief as follows:

2.1     Plaintiffs Shepard respectfully request judgment against the defendants, jointly and

severally, and each of them for:

2.2     For lost wages and all other compensation denied or lost to the plaintiffs as a result of

defendants' unlawful actions, in an amount to be proven at trial;

2.3     For punitive damages in an amount to be determined at trial;

2.4     For non-economic damages resulting from wrongful employment practices

complained of above, including without limitation emotional pain, suffering, and loss of

enjoyment of life in an amount to be determined at trial;

2.5     For an Order awarding the plaintiffs reasonable attorney's fees and costs;

2.6     Grant such further relief as the Court deems necessary and proper.

## 3.  <u>JURY TRIAL DEMAND</u>

3.1     Plaintiffs Shepard request a jury trial on all questions of fact raised by this complaint.


DATED this 21st day of February 2023.



By_____
        Nick Andrews, WSBA No.40441
        Daniel F. Horne, WSBA No. 54528
        Jeffery M. Campiche WSBA No. 7592
        CAMPICHE ANDREWS HORNE

**PLAINTIFFS' COMPLAINT**               **- 24**          **CAMPICHE ANDREWS HORNE**
                                                          **TRIAL LAWYERS, PLLC**
                                                          111 Queen Avenue North, Suite 510
                                                          Seattle, WA 98109
                                                          TEL: (206) 281-9000
                                                          FAX: (206) 281-9111

TRIAL LAWYERS, PLLC
Attorneys for Plaintiffs Aaron Shepard & Nichole Hankins
111 Queen Anne Avenue N. Suite 510
Seattle, WA 98109
Tele: 206.281.9000
Facsimile: 206.281.9111
Email addresses:
Nick@campichelaw.com
Dan@campichelaw.com
Jeff@campichelaw.com
Kayla@campichelaw.com
Theresa@campichelaw.com
Caitlyn@campichelaw.com

**PLAINTIFFS' COMPLAINT**      **- 25**

**CAMPICHE ANDREWS HORNE
TRIAL LAWYERS, PLLC**
111 Queen Avenue North, Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111