Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, Washington 98902
(509) 575-0313
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| AARON J. SHEPARD and NICOLE H. SHEPARD, individually, and on behalf of the marital community,<br><br>             Plaintiffs,<br><br>vs.<br><br>CHELAN COUNTY, by and through its Agency the CHELAN COUNTY SHERIFF'S OFFICE, a Washington Municipal Corporation,<br><br>             Defendants. | **NO. 2:23-CV-00041-TOR**<br><br>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**January 29, 2025**<br>**Without Oral Argument** |

Pursuant to Fed. R. Civ. P. 56, the defendants move the Court for an order dismissing: 1) defendant Chelan County Sheriff's Office ("CCSO") as a party to the above-entitled action; 2) all the plaintiffs' claims alleged herein under 42 U.S.C. § 1983; and 3) all claims alleged herein by the plaintiffs under Washington state law. This motion is supported by Defendants' Statement of Material Facts and the declarations filed herewith.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## I.    FACTUAL BACKGROUND

The facts pertinent to defendants' Motion are set forth in Defendants' Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment (hereinafter referred to as "DSF," followed by "# ____"). *See* LCivR 56.1(c)(1)(A).

## II.    SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P 56(a). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party may satisfy its burden on summary judgment by pointing out an absence of evidence on the part of the non-moving party sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.    LEGAL ARGUMENT

### A.    The Chelan County Sheriff's Office is not a proper defendant.

The plaintiffs are asserting various claims against the CCSO. (ECF No. 4, pp. 11-24.) Whether the CCSO can properly be named as a distinct party to a lawsuit is a matter of Washington law. *Shaw v. State of California Dept. of*

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 2**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

*Alcoholic Beverage Control*, 788 F.2d 600, 605 (9th Cir. 1986); Fed. R. Civ. P. 17(b); *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In *Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883 (1990), a case involving a mandamus action filed in regards to a land use decision by Snohomish County, the court held that Washington law makes clear "that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." As such, it was improper for the Snohomish County Council to be named as a defendant because it was not "a legal entity separate and apart from the county itself," and that jurisdiction over the Council was achieved by suing the County. *Id.*

"Federal district courts sitting in Washington State have concluded that Washington municipal police and sheriff's departments are not legal entities subject to suit." *Maclay v. Cnty. of Spokane*, 2014 WL 7336903 * 6 (E.D. Wash., Dec. 22, 2014). In *Maclay* the court, relying on *Nolan* and numerous other decisions from the federal district courts in Washington cited therein, reiterated that county sheriff's departments and jails are not legal entities subject to suit, and dismissed the plaintiff's § 1983 claims against those departments "because they are immune from suit."

The Court should apply the same approach here and dismiss with prejudice all the plaintiffs' claims alleged against the CCSO.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

**B.     The defendants are entitled to summary judgment on the plaintiffs' 42 U.S.C. § 1983 claims.**

    1.     **The plaintiffs' failure to include any current or former employees and/or officials as named defendants is fatal to their 42 U.S.C. § 1983 claims.**

The federal civil rights statute codified at 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, violates the constitutional rights of another person. 42 U.S.C. § 1983; *Mabe v. San Bernardino County Dep't of Public Soc. Serv.*, 237 F.3d 1101, 1106 (9th Cir. 2001). To succeed on a §1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived them of their constitutional rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A plaintiff must demonstrate that he or she suffered a specific injury and show a causal relationship between that injury and a defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976);

The doctrine of *respondeat superior* cannot be a basis for liability under 42 U.S.C. §1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Mere employment of an alleged tortfeasor is not enough to establish liability under § 1983. *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 889 (9th Cir. 1990). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see Star v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Establishing personal liability under § 1983 requires that a plaintiff plead "that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (pleading standards governing § 1983 claims necessarily compel the plaintiff to "set forth specific facts as to each individual defendants' " contributory role in the resulting constitutional injury).

Courts regularly dismiss § 1983 claims that fail to allege an affirmative link between the constitutional injury and the actions by an individual defendant. *Howard Unknown*, 2024 WL 71862 * 3 (E.D. Cal., Jan. 5, 2024) (dismissing plaintiff's complaint, in part, because his failure to "name the persons or persons that he allge[d] caused him harm" as defendants); *Sekerke v. City of National City*, 2020 WL 4435416 * 5 (S.D. Cal., Aug. 3, 2020) (holding that the plaintiff's operative complaint did not satisfy the pleading requirements of § 1983 "because it fail[ed] to identify which of the eleven individual Defendants performed each act alleged in the complaint and thereby does not allege an affirmative action by any of the defendants," and setting forth numerous other judicial decisions supporting this conclusion); *Wilson v. San Francisco City and Cnty.*, 2009 WL 112844 * 3 (N.D. Cal., Jan. 15, 2009) (holding inmate's § 1983 complaint that named only governmental entities as defendants was improper and requiring inmate to file an

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

amended complaint in which he "must identify the particular individuals who caused the harm he allegedly suffered").

In this case, the plaintiffs have failed to include any individuals as named defendants. (DSF # 5.) The only named defendants are Chelan County and CCSO. (*Id.*) The amended complaint describes alleged actions by the "defendants," "Defendant Chelan County Sheriff's Office," "Defendant Chelan County Sheriff's Office administration," unnamed members of the sheriff's office SWAT team and other employees, "a majority of Chelan County Sheriff's Office," and of "management." (ECF No. 4 at ¶¶ 4.10, 4.12, 4.14, 4.19, 4.30, 4.50, 5.5, 5.7.) The plaintiffs' approach reflects that they are seeking to impose liability against the defendants under § 1983 based upon their "mere employment of a tortfeasor." *Gates*, 907 F.2d at 889. This is the definition of *respondeat superior* liability, which cannot be a basis for liability under § 1983. *Monell*, 436 U.S. at 691; *Gates*, 907 F.2d at 889.

2.  **The plaintiffs cannot present evidence demonstrating liability of the defendants under *Monell*.**

Under *Monell*, liability may be imposed against a municipality "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694. A § 1983 plaintiff can establish *Monell* liability in three ways: (1) the municipal employee committed the constitutional violation

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

pursuant to an official policy; (2) the employee acted pursuant to a longstanding practice or custom; and (3) the employee functioned as a final policymaker. *Barone v. City of Springfield, OR*, 902 F.3d 1091, 1107 (citing *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004)). The plaintiffs have not and will be unable to present evidence demonstrating that it would be appropriate to impose liability on the defendants under any of these bases. As such, the defendants are entitled to summary judgment on the plaintiffs' § 1983 claims. *Celotex Corp.*, 477 U.S. at 322-23.

      C.    **The defendants are entitled to summary judgment on the plaintiffs' state law claims due to their failure to comply with the requirements of Washington's Tort Claim Act.**

Ch. 4.96 RCW contains Washington's Tort Claim Act (the "TCA") relating to local governmental entities, which includes counties. RCW 4.96.010(1)-(3). Under the TCA, "all local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their past or present officers, employees, or volunteers while performing or in good faith purporting to perform their official duties, to the same extent as if they were a private person or corporation." *Id.* at (1). Filing a notice of tort claim "within the time allowed by law shall be a condition precedent to the commencement of any action claiming damages." *Id*; RCW 4.96.020(1), (4).

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

In this case, the plaintiffs have asserted various tort claims against the defendants, all of which are subject to the requirements of the TCA.[1] (ECF No. 4, pp. 17-24.) The County has designated its auditor as its agent with whom notices of tort claims are to be filed/submitted pursuant to the TCA. (DSF # 9.); RCW 4.96.020(2), (4). The undisputed facts in this case demonstrate that the plaintiffs did not file/submit a notice of tort claim with the County prior to commencing the above-entitled action, and in fact have never filed any such notice of tort claim with the County. (ECF ## 9-11.)

A claimant is required to substantially comply with the procedural requirements surrounding the filing a notice of tort claim. RCW 4.96.020(5). "Substantial compliance of a statutory requirement means that the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted." *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 967-68 (2014) (internal quotation omitted). The purpose of RCW 4.96.020 "is to 'allow government

---

[1] The plaintiffs' claims under the Washington Law Against Discrimination (the "WLAD"), Ch. 49.60 RCW, sound in tort and are subject to the statutory notice of tort claim requirements. *Blair v. Washington State Univ.*, 108 Wn. 2d 558, 576-77 (1987); *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wn. App. 147, 174-75 (2010); (ECF No. 4, pp. 17-20.)

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

entities time to investigate, evaluate, and settle claims.'" *Id.* at 968 (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wn.2d 303, 310 (2002)). "Allowing time for investigation and evaluation also provides an opportunity for governmental entities to assess the potential costs and benefits of litigation." *Lee*, 183 Wn. App. at 968 (citing *Williams v. State,* 76 Wn. App. 237, 248 (1994)).

In *Lee*, the local governmental entity filed a motion for summary judgment based upon the plaintiff's failure to wait the statutorily prescribed period of time after submitting her notice of tort claim (i.e., 60 days) before filing her tort action. 183 Wn. App. at 963. That motion was granted by the trial court and affirmed on appeal. *Id.* at 963, 968-69. The court of appeals noted that once "Metro Parks filed a summary judgment motion based on application of RCW 4.96.020(4), the burden shifted to Lee to come forward with evidence showing she had substantially complied with the 60-day waiting period in that statute." *Id.* at 968. She failed to produce any such evidence, so "Metro Parks was entitled to summary judgment on this issue." *Id.* The facts in this case are even stronger in favor of summary judgment.

To date, the plaintiffs have not filed any notice of tort claim with the County pertaining to the tort claims asserted in this case. (DSF ## 9-11.) As such, the undisputed facts in this case demonstrate a total lack of compliance with the claim filing requirements of Ch. 4.96 RCW prior to bringing this action. *Lee*, 183 Wn.

**DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9**

App. at 967-68; *Irwin Law Firm v. Ferry Cnty.*, 25 Wn. App.2d 1033, 2023 WL 1158538 * 3 (2023) (affirming dismissal of the plaintiff's tort claims due to its failure to file a notice of tort claim prior to bringing suit).[2] As such, the defendants are entitled to summary judgment on all of the plaintiffs' state law tort claims. *Lee*, 183 Wn. App. at 968; *Irwin Law Firm*, 2023 WL 1158538 * 3.

## IV.    CONCLUSION

The defendants' motion for partial summary judgment should be granted for the reasons set forth above.

DATED this 6th day of December, 2024

> s/KIRK A. EHLIS (WSBA #22908)
> Attorneys for Defendants
> Chelan County and Chelan
> County Sheriff's Office
> Menke Jackson Beyer, LLP
> 807 North 39th Avenue
> Yakima, Washington 98902
> Telephone: (509) 575-0313
> Fax: (509) 575-0351
> Email: kehlis@mjbe.com

---

[2] All citations to the court's decision in *Irwin Law Firm* are made pursuant to Washington GR 14.1(a) as nonbinding authority that the defendants ask the Court to accord such persuasive value as it deems appropriate.

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 10**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I electronically served the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Nick Andrews, WSBA # 40441
Nick@campichelaw.com

Daniel F. Horne, WSBA # 54528
Dan@campichelaw.com

Jeffery M. Campiche, WSBA #7592
Jeff@campichelaw.com

Ricco C. Sanchez, WSBA #54895
Ricco@campichelaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

s/KIRK A. EHLIS (WSBA #22908)
Attorneys for all Defendants
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kehlis@mjbe.com

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 11**

MENKE JACKSON BEYER
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351